**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHAMEKA SANDIFORD,

    Plaintiff,

v.                                                    Case No. 3:21-cv-313-TJC-LLL

JP MORGAN CHASE BANK, N.A.,

    Defendant.
_____

**O R D E R**

This case has been brought by pro se plaintiff Chameka Sandiford arguing that she is entitled to be repaid the amount she financed to purchase a car. It is before the Court on Defendant JP Morgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss (Doc. 8). Sandiford has filed a Response (Doc. 10). Chase filed a Reply (Doc. 26). While case management dates, including a discovery deadline, have not been set for this case, Sandiford filed a Motion for Summary Judgment (Doc. 21), to which Chase filed a Response (Doc. 23). Without leave, Sandiford filed a Reply (Doc. 24).

**I.    BACKGROUND**

Sandiford's Complaint alleges that Chase violated 15 U.S.C. § 1601, the Truth in Lending Act ("TILA") (Doc. 1 at 3). The Complaint alleges that Chase violated Sandiford's rights under the Act by "charging [her] more than the finance charge," and requests damages in the amount of $16,246.14, which is

twice the $2,048.22 finance charge, plus $12,149.70, which she alleges is the "amount financed and fraudulently calculated." Id. at 4. The Complaint attaches a "Retail Instalment [sic] Contract" from Chase dated July 25, 2015, for Chameka E. Croskey to purchase a 2006 Honda Accord, financed by $12,149.70 in credit and a $2,048.22 finance charge, to be paid in 48 monthly installments of $295.79 beginning on September 8, 2015 (Doc. 1-1 at 2). According to Chase's response to an inquiry from Sandiford, the account was paid in full on August 14, 2019. Id. at 9. The Complaint also attaches an affidavit, signed by Sandiford and notarized on January 12, 2021, that states that "JP Morgan Chase Auto Finance is in violation of 15 USC 1605(a) [and] (b)." Id. at 11–12. The Affidavit states that "[t]his affidavit is made under penalty of perjury and must be responded to by a counter-affidavit within 30 days or it will stand as undisputed fact as a matter of law." Id. at 11.

Chase's Motion to Dismiss argues that the Complaint is time-barred because it was filed more than a year after the loan contract was executed (Doc. 8 at 1 (citing 15 U.S.C. § 1640(e)). Chase points out that the Complaint was filed on March 21, 2021, more than a year after the account was completely paid off and several years after the contract was executed. Id. at 3. Chase argues that the statute of limitations aside, Sandiford's Complaint fails to state a claim on its face, as the contract and supporting documents demonstrate that she was

not overcharged interest, and in fact paid less interest and a smaller total monthly amount than the contract stated. Id. at 8.

Sandiford filed an "Opposition to Defendant's Motion to Dismiss," which the Court treats as a Response. (Doc. 10). The Response argues that she filed her Complaint within one year of "an affidavit in January, 2021." Id. at 1. The TILA, 15 U.S.C. § 1605(a), requires that a finance charge be the "sum of all charges," she argues, and therefore collection of repayment for the credit that Chase extended to her, was "fraudulent[]." Id. at 3. She argues simply that "the finance charge is the sum (total amount) that [she] should have paid for the transaction." Id. at 2. Finally, she argues that "an unrebutted/uncontested affidavit stands as truth; See Bates vs. State, 620 So. 2d 745 (Ala.Crim.App.1992)," and that Chase has failed to rebut her affidavit with its own affidavit (citation format in original). Id.

Sandiford then filed a Motion for Summary Judgment (Doc. 21). The Motion for Summary Judgment argues that "Defendants [sic] Motion to Dismiss and all other documents submitted to the court, are statements of counsel," and therefore cannot be used as evidence or support Chase's case. Id. at 2. The Motion for Summary Judgment goes on to present quotes regarding evidentiary law from various legal authorities. Id. at 2–5. It argues that Chase's filings all amount to hearsay and therefore that the Court cannot consider them and must grant summary judgment in Sandiford's favor. Id. at 5–6.

3

In a Response to Sandiford's Motion for Summary Judgment (Doc. 23), Chase clarifies that:

> While this lawsuit initially seemed to involve an untimely claim by Plaintiff that was [sic] she was charged an incorrect interest rate on a vehicle she purchased and fully paid off, Plaintiff's apparent true claim is akin to a "vapor money" argument in which she claims that it was allegedly illegal for Chase to lend her credit to finance the vehicle purchase and that all principal balance payments she made must be returned.

Id. at 1. The Response, filed "[d]espite Plaintiff's motion being substantively and procedurally improper," points out that "there is simply no plausible legal claim or argument that Chase is not permitted to extend credit or that it should be required, in essence, to provide Plaintiff with a free vehicle." Id. at 2. The Response goes on to collect cases in which courts have found the "vapor money" theory invalid, arguing that the Court should do the same here. Id. at 5–7. It argues that Sandiford's claims fail as a matter of law; Sandiford only made a claim under 15 U.S.C. § 1601, the portion of the TILA which lays out the congressional finding and purpose behind the Act, rather than any actual violations, and further that she misunderstands § 1605(a) as permitting only finance charges, rather than the amounts of underlying loans. Id. at 8–9. Thus, Sandiford has not identified a TILA violation, a genuine dispute of material fact, or any means to overcome the statute of limitations, and so her claim must

fail. Id. at 10–11. Chase's Reply to the Motion to Dismiss directed the Court to its Response to Sandiford's Motion for Summary Judgment (Doc. 26).

Sandiford's Reply to Chase's Response to her Motion for Summary Judgment, filed without leave, argues once again that because Chase did not submit any affidavits, it has violated Federal Rule of Civil Procedure 56(c) and has submitted no facts to the Court. (Doc. 24 at 1–3).

**II.   DISCUSSION**

    **A.   Motion to Dismiss**

When a court reviews pro se filings, they are to be "liberally construe[d]" and held to "less stringent standards than . . . formal pleadings that lawyers draft." Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) (quotation marks omitted). This does not require the Court to "rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009).

At the motion to dismiss stage, when the complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft, 556 U.S. at 679. While the Court has a "duty to accept the facts in the complaint as true," it is not required to "ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict

5

the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205–06 (11th Cir. 2007).

Actions under the TILA must be brought within one year of the relevant transaction. 15 U.S.C. § 1640(e).

> TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). TILA creates a private cause of action for actual and statutory damages for certain disclosure violations. Id. Pursuant to 15 U.S.C. § 1640(e), a claim for damages must be brought within one year from the closing date for the underlying transaction. 15 U.S.C. § 1640(e).

Deutsche Bank Nat. Tr. Co. v. Foxx, 971 F. Supp. 2d 1106, 1118 (M.D. Fla. 2013) (emphasis added).

Sandiford signed the auto loan in question on July 25, 2015. (Doc. 1-1 at 2). Accordingly, the statute of limitations expired on July 25, 2016. Sandiford filed the Complaint on March 19, 2021, well after the expiration of the statute of limitations. Sandiford has not made any allegations that would give rise to equitable tolling (an extension of the statute of limitations). She appears to argue that because the Complaint was filed within one year after she signed an affidavit in which she swore, under penalty of perjury, that Chase violated 15 U.S.C. § 1605(a) and (b), her claim is properly before the Court. Id. at 11. Sandiford misunderstands the TILA and federal law. She cannot re-start the

6

statute of limitations by having an affidavit notarized. Therefore her Complaint must be dismissed for failure to meet the statute of limitations.[1]

### B.   Motion for Summary Judgment

While Chase's Motion for Leave to File a Reply to Sandiford's Response to its Motion to Dismiss (Doc. 19) was pending, Sandiford filed a Motion for Summary Judgment (Doc. 21). A motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (b). Sandiford's Motion for Summary Judgment argued that Chase's "[c]ounsel does not have personal knowledge of the facts," and therefore there are no disputed facts before the Court. (Doc. 21 at 2). She provides definitions of evidence and argues that Chase has provided no evidence to rebut Sandiford's claims. Id. at 3–5. This logic ignores that the case was still at the motion to dismiss stage at which pleadings and filings are accepted, and defendants generally cannot provide additional evidence. The Court's consideration of the documents likewise does not convert the motion to dismiss to summary judgment. "[T]he district court may always consider exhibits attached to the complaint on a 12(b)(6) motion, because exhibits are part of the

---

[1] Sandiford's Complaint also fails to state a claim upon which relief can be granted, as discussed below.

pleadings," without the motion to dismiss being converted to a motion for summary judgment. Basson v. Mortg. Elec. Registration Sys., Inc., 741 F. App'x 770, 770–71 (11th Cir. 2018). In this case, the Court has only considered Sandiford's Complaint and the documents attached to her Complaint, including the loan agreement and her affidavit. Additional evidence from Chase is not required. Even if the Court were to apply the summary judgment standard, Sandiford would lose for the reasons described herein.

**C.     Amendment of the Complaint**

The Court need not grant leave to amend when it would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, Sandiford's claim is outside the applicable statute of limitations. Her claim, while far from clear, appears to be akin to a "vapor money" theory, which courts have "overwhelmingly rejected." Price v. Lakeview Loan Servicing, LLC, No. 19CV655FTM29MRM, 2021 WL 1610097, at *4 (M.D. Fla. Apr. 26, 2021) (collecting cases). Alternatively, it is based on a misapprehension of the TILA, 15 U.S.C. § 1605's definition of "finance charges." The statute states that finances charges are made "as an incident to the extension of credit" and does not include "charges of a type payable in a comparable cash transaction." 15 U.S.C. § 1605(a). That is, an entity extending financing may charge both for the

8

principal amount of credit extended and the total finance charge. Chase did not over-charge Sandiford.

Sandiford also appears to rely heavily on the concept that an affidavit, once signed and delivered, must be rebutted by a counter-affidavit or it is taken as fact "as a matter of law." (Doc. 1-1 at 11). This is simply false. According to the documents Sandiford submitted to the Court along with her Complaint, she signed a legally valid and binding document to obtain credit for a car purchase in 2015. She paid off that debt fully, at a lower interest rate than originally promised. Both she and Chase have fulfilled their contractual obligations, and the statute of limitations has run on any outstanding claims regarding the loan. Sandiford's contentions that she need not pay off the credit extended to her for the car, and that her affidavit is incontrovertible, are groundless. Any amendment to the complaint would be futile.

Accordingly, it is hereby

**ORDERED:**

1. Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (Doc. 8) is **GRANTED**. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Chameka Sandiford's Motion for Summary Judgment (Doc. 21) is **DENIED** as moot.

3. The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of February, 2022.


TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Pro se plaintiff
Counsel of record

10